IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| STATE OF TENNESSEE, EX REL., <br> JOHN JAY HOOKER, <br><br>     Appellant, <br><br> VS. <br><br> BROOK THOMPSON, ET AL., <br><br>     Appellees, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | NO. 01A01-9606-CH-00259 |
| STATE OF TENNESSEE, EX REL., <br> LEWIS LASKA, <br><br>     Appellant, <br><br> VS. <br><br> BROOK THOMPSON, ET AL., <br><br>     Appellees, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | NO. 01A01-9606-CH-00280 |
| STATE OF TENNESSEE, EX REL., <br> LEWIS LASKA, <br><br>     Appellant, <br><br> VS. <br><br> BROOK THOMPSON, ET AL., <br><br>     Appellees. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | NO. 01S01-9606-CH-00114 |

O R D E R

These cases were heard before the Special Supreme Court on an expedited basis on July 5, 1996. Due to the fact that our decision in these consolidated cases will affect the election which is set for August 1, 1996, the Court is issuing this Order today, with a more detailed Opinion to follow.

The Court finds as follows:

1. The statutory scheme for judicial selection and evaluation, popularly known as "The Tennessee Plan", T.C.A. Section 17-4-101 et seq. does not violate the Tennessee Constitution. State v. Dunn, 496 S.W. 2d 480 (Tenn. 1973).

2. Under the provisions of T.C.A. Section 17-4-114 (c), the Tennessee Plan is not applicable unless the judicial evaluation commission recommends the retention of a judge. In the forthcoming judicial election, the judicial evaluation commission was not yet fully operational and, through no fault of Justice White, it did not act to recommend her retention as a Supreme Court Justice. Accordingly, the provisions of the Tennessee Plan are not applicable to the election to be held on August 1, 1996, and under T.C.A. Section 17-4-114(c), a political party may nominate a candidate, and independent candidates may qualify under the general election law for the general election which is the regular August election.

3. In accordance with the provisions of T.C.A. Section 2-5-101, independent and primary candidates should have qualified for the upcoming August 1, 1996, election by filing all nominating petitions no later than twelve o'clock noon, May 16, 1996. Appellants Laska and Hooker attempted to obtain such petitions from Defendant Appellee Thompson, but were unsuccessful in their efforts because of an erroneous interpretation of the law to the effect that Justice Penny White was running unopposed in a "retention election" under the Tennessee Plan.

4. Appellants Hooker and Laska have made good faith efforts to qualify for the upcoming election. Similarly, Justice White has acted in good faith in declaring her candidacy for the Supreme Court.

5. At all times relevant to this Court's decision, Appellant Hooker lacked the qualifications necessary under T.C.A. Section 2-5-106 to qualify for the office of Supreme Court Justice in the August 1, 1996, election, because Appellant Hooker's law license was suspended as a result of his failure to meet continuing legal education requirements.

6. The Defendants have raised an issue as to the residency of Appellant Laska, who has attempted to qualify as a candidate for the Western Grand Division of this State. Considerable proof regarding whether Mr. Laska is a bona fide resident of the Western Grand Division was offered at the Chancery Court hearing on this matter, but the Chancellor did not make a ruling as to Mr. Laska's residency.

For the foregoing reasons, it is ORDERED:

1. Mr. Hooker may not be placed on the ballot for the August 1, 1996, election because he failed to meet the requirement that a candidate be an attorney licensed to practice in Tennessee.

2. Mr. Laska's case is remanded to the Chancery Court for a ruling at the earliest possible hour and date as to the bona fide residency of Mr. Laska. If the Chancellor finds that Mr. Laska is a bona fide resident of the Western Grand Division, then the writ of mandamus requested by Mr. Laska shall be issued by the Chancellor forthwith. If the Chancellor finds that Mr. Laska is not a resident of the Western Grand Division, then it is not necessary for the writ of mandamus to issue.

3. The Court finds that, as an equitable matter, Justice White and all other similarly situated incumbent appellate judges who have declared their candidacy prior to May 16, 1996, should be deemed to have filed a qualifying petition for election to the offices which they currently hold.

4. Because there is no proof in the record that any political party or independent candidate other than Justice White, Mr. Laska and Mr. Hooker has attempted to obtain a qualifying petition for the office of Supreme Court Justice for the August 1, 1996, election prior to the May 16, 1996, deadline, this ruling is limited to the candidacy vel non of Mr. Laska, Mr. Hooker, Justice White, and other incumbent appellate judges similarly situated.

ENTER this the _____ day of July, 1996.

 

 

_____

WILLIAM H. D. FONES, CHIEF JUSTICE

 

_____

MARTHA S. L. BLACK, JUSTICE

 

_____

S. MORRIS HADDEN, JUSTICE

 

_____

LIN S. HOWARD, JUSTICE

 

_____

A. C. WHARTON, JR., JUSTICE